**HOGE WARREN ZIMMERMAN CO.,**
**Plaintiff,**

v.

**NOURSE & CO., and Carl C. Nourse,**
**Defendants.**

Civ. A. No. 4286.

United States District Court
S. D. Ohio, W. D.

Feb. 19, 1960.

Allen & Allen, John W. Melville, Stanley H. Foster, Cincinnati, Ohio, for plaintiff.

J. Warren Kinney, Jr., Edward J. Utz, Cincinnati, Ohio, for defendants.

DRUFFEL, District Judge.

1. Plaintiff, Hoge Warren Zimmerman Co., is an Ohio corporation having its principal place of business at Cincinnati, Ohio, and is the owner of U. S. Patent No. 2,625,381 for Process of Continuously Preparing a Gypsum Slurry.

2. Defendant, Carl C. Nourse, is an individual residing in Mariemont, Ohio.

3. Defendant, Nourse & Co., is an Ohio corporation having its principal place of business at Cincinnati, Ohio.

4. This action arises under the patent laws of the United States, and the Court has jurisdiction in the premises.

5. The complaint charged defendants with infringement of the claims of U. S. Patent No. 2,625,381.

6. Defendants filed an amended answer setting up the defenses of invalidity and non-infringement, and a counterclaim seeking damages and attorney fees.

7. The action was tried by the Court in the period from October 12 to 21, 1959, on the issues raised by the complaint, amended answer and counterclaim.

8. Patent No. 2,625,381, in suit dated January 13, 1953, is predicated upon an application filed October 18, 1950, which was referred to as a "continuation-in-part" of an earlier co-pending patent application filed February 19, 1948, which matured on January 23, 1951, into Patent No. 2,538,891.

9. The Court finds as a fact:

(a) That plaintiff's patent expert, Ralph Grim, was not only wholly unfamiliar with the proceedings before the Patent Office during prosecution of the patent application which matured into Patent No. 2,538,891 or Patent No, 2,-625,381, but he frankly admitted that he "didn't claim to be a patent expert" (Rec. 458), whereas

(b) Defendants' patent expert, Colonel Lawrence C. Kingsland, was thoroughly familiar with all phases of the prosecution of the application that matured into Patent Nos. 2,538,891 and 2,625,381 as well as the meaning of the specifications and claims of said patents.

10. The Court finds as a fact that pumping gypsum slurry was disclosed in the A. C. Hamilton patent No. 2,210,545 issued August 6, 1940 on an application filed November 15, 1939.

11. The Court finds as a fact:

(a) That claim 10 of plaintiff's Patent No. 2,538,891 reads squarely upon the apparatus used by defendants in preparing and pumping gypsum slurry; and

(b) That plaintiff, on March 30, 1955, filed a disclaimer of claims 10–14 of Patent No. 2,538,891 on the ground that they "were too broad or invalid"

(c) That the effect of said disclaimer was to open to the public the free and unrestricted use of apparatus that was included in the description of the language used in said disclaimed claims.

12. The Court finds as a matter of fact that defendants' process of preparing and pumping gypsum slurry is but the normal and expected result of the operation of a tub mixer, Moyno pump

and delivery hose as used by defendants; and that when plaintiff disclaimed claim 10 of its Patent No. 2,538,891, which reads upon defendants' apparatus, plaintiff thereby dedicated to the public the device covered by said claim as well as the normal use of said device.

13. The Court further finds as a fact:

(a) That plaintiff's co-pending patent application filed February 19, 1948 (Serial No. 9,435), which matured into Patent No. 2,538,891, originally contained method claims the broadest of which were claims 6 and 39;

(b) That said method claims were rejected by the Patent Office tribunals on the ground that they did not embody patentable subject matter over certain references cited by the Patent Office; and that plaintiff thereupon cancelled said method claims.

(c) That each of the said cancelled method claims reads squarely upon the normal operation of the tub mixer, Moyno pump and hose assembly used by defendants in preparing and pumping gypsum slurry, and

(d) That the effect of cancelling said method claims from the February 18, 1948 application disclaims the subject matter of said claims.

14. The Court further finds that there was no reference or teaching whatsoever in the application filed February 19, 1948, to any of the following matters which are for the first time set forth and described in the specification, drawings and claims of the co-pending patent application Serial No. 190,824, filed October 18, 1950, viz.:

(1) Closed system;

(2) Subjecting gypsum slurry after being initially prepared by thoroughly mixing dry, calcined gypsum and water to *further* "mixing action" in a "closed system"—or subjecting the prepared slurry to a "mixing action" during the entire time it is in a "conduit" (delivery hose);

(3) Critical conversion point, or

(4) That the initially prepared slurry be subjected, continuously throughout a closed system, to a mixing action, for a period of time which closely approaches but does not exceed the critical conversion point of the slurry.

15. The Court finds as a matter of fact that use of the word "now" in the phrases: "We have *now* discovered certain controlling factors * * *", and "We have *now* discovered that if * * *" in the "continuation-in-part" application, refers to the filing date of said application, viz., October 18, 1950, and not to the February 19, 1948 filing date of the parent application.

16. The Court finds as a matter of fact that the specification and claims of the October 18, 1950, patent application contain essential limitations which were neither suggested nor disclosed in the February 19, 1948 application.

17. The Court finds as a matter of fact that the subject matter of each of the seven claims of Patent No. 2,625,381 contains new matter and limitations neither suggested nor disclosed in the February 19, 1948 patent application.

18. The Court finds as a matter of fact that October 18, 1950 is the date from which the time referred to in Title 35 U.S.C. § 102(b) must be computed with reference to the application which matured into Patent No. 2,625,381.

19. The Court finds as a fact that the true filing date of the application which matured into Patent No. 2,625,381 was October 18, 1950, and that said application does not relate back to February 19, 1948 the filing date of Patent No. 2,538,891, and is not of a continuation-in-part of said earlier filed (co-pending) patent application.

20. The Court finds as a matter of fact that plaintiff first "publicly used" and "sold" a commercial installation which utilized the method set forth in claim 1 of the patent in suit on November 5, 1947, as set forth in plaintiff's answer of September 23, 1959, to Interrogatories I, II and III of the third set of defendants' interrogatories.

21. The Court finds as a matter of fact:

(a) That the individual defendant, Carl C. Nourse, pumped at least 400 square feet of two-inch gypsum roof deck on each of two different days in February 1947 at the Moraine City Paper Co. plant at West Carrollton, Ohio;

(b) That said pumped gypsum roof deck was satisfactory and is still in use;

(c) That a Moyno pump was used to pump the gypsum slurry which was hand-mixed in a box on said Moraine City Paper Company job; and

(d) That the dry, calcined gypsum used on said job contained large wood chips which clogged the intake of the Moyno pump after several hundred square feet of the hand-mixed gypsum slurry had been pumped onto the roof deck.

22. The Court finds as a matter of fact that Tub Mixers were in use in the industry for mixing dry, calcined gypsum with water to provide a gypsum slurry; and that in August 1947 the individual defendant herein, Carl C. Nourse, to the personal knowledge of Robert F. Zimmerman and John H. Hoge, co-inventors of Patent No. 2,625,381, supervised the pouring of a gypsum roof deck for plaintiff herein at Chicago, Illinois, wherein a Tub Mixer was used to continuously mix and continuously discharge a mixed gypsum slurry directly onto a roof deck, which roof deck was satisfactory and is still in use.

23. The Court further finds as a matter of fact:

(a) That the dry, calcined gypsum which has been commercially available since 1950 does not contain large wood chips, as in 1947, but contains wood particles which are substantially uniform in size and which resemble sawdust; and

(b) That defendants have never encountered any difficulty in pumping onto roof decks gypsum slurry with a Moyno pump when the slurry was free of large wood chips.

24. The Court further finds as a matter of fact that the accused process as practiced by defendants utilizes a Tub Mixer to continuously mix a pumpable gypsum slurry which is then pumped through a delivery hose by means of a Moyno pump.

■ 25. The Court finds as a matter of fact that U. S. Patent No. 2,625,-381 is invalid, by reason of the testimony of witness Kingsland who testified as follows:

That the concepts of:

A. Critical conversion point;

B. Mixing gypsum slurry in the delivery hose; and

C. Passing a prepared gypsum slurry "into a closed system, and subjecting said slurry continuously throughout said closed system, to a mixing action, for a period of time which closely approaches but does not exceed the critical conversion point of the slurry;" constitute New Matter in the continuation-in-part application filed October 18, 1950, and that such new matter cannot be related back to the filing date of the parent application, and

That plaintiff's admitted public use and practice of claim 1 of Patent No. 2,-625,381 on November 5, 1947 (Rec. p. 963–4) constituted a statutory bar to the validity of that claim.

"The Court: How would that affect all the rest of the claims?"

*    *    *    *    *    *

"Mr. Kingsland: —claim 1, being barred, all of the remaining claims on the same theory would have to be barred. In other words, it would be a public use and sale of a product of the process".

"Q. Therefore, it is your testimony that a public use and sale of a (the) process in November of 1947 would be a statutory bar to the validity of each of the seven claims of method patent U. S. 2,625,381? A. That is correct." Rec. p. 966–7.

26. The Court finds as a matter of fact that the scope of Patent No. 2,625,-381 is expressly limited to a process wherein a gypsum slurry is continuously prepared, after which it is then promptly passed "into a Closed System, and subjecting said slurry, Continuously

Throughout Said Closed System, To A Mixing Action, for a period of time which closely approaches but does not exceed the critical conversion point of the slurry, and discharging said slurry From Said Closed System for immediate use."

27. The Court finds as a matter of fact that the delivery hose through which the slurry is pumped comprises the major portion of the "closed system" as that term is used in the preceding finding.

28. The Court finds as a matter of fact and as admitted in open Court by one of the inventors and two of plaintiff's technical witnesses, and as testified to at length by defendants' technical expert, Dr. Wong, that for "mixing action" to occur as gypsum slurry is being pumped through a hose, the slurry must be subjected to turbulent flow.

29. The Court finds as a matter of fact that the flow of gypsum slurry through defendants' hose is laminar rather than turbulent in nature, and that slurry passing through defendants' hose is not subjected to a "mixing action".

30. The Court further finds as a matter of fact that in defendants' process the gypsum slurry is not subjected while in a closed system or conduit to a mixing action, for a period of time which closely approaches but does not exceed the critical conversion point of the slurry, as called for in each of the seven claims in suit.

31. The Court finds as a matter of fact that plaintiff's admitted public use and sale of the process of Claim 1 of Patent No. 2,625,381 prior to October 17, 1949 constitutes a statutory bar to the validity of said claim.

32. The Court further finds that plaintiff's public use and sale of the process of Claim 1 of Patent No. 2,625,-381 prior to October 17, 1949, constitutes a statutory bar to the validity of each of Claims 2 through 7, since each of these claims contains similar steps and similar limitations directed to the alleged inventive concept.

33. The Court finds as a fact that it is only where the question of patentability is close that commercial success is a make-weight factor, however, if the patent is clearly invalid, as here, such success cannot fill the void.

34. The Court finds as a matter of fact that the plaintiff has failed to sustain the burden of proof of its complaint.

35. The Court finds as a matter of fact that defendants' process of preparing and pumping gypsum slurry does not infringe upon the claims of Patent No. 2,625,381.

36. The Court finds as a matter of fact that defendants have sustained the burden of proving that Patent No. 2,-625,381 is invalid.

37. The Court finds that the defendants have failed to sustain their burden of proof as to damages and award of attorney fees of their counterclaim.

### Conclusions of Law.

1. This Court has jurisdiction of this cause and of the parties hereto.

2. The Robert F. Zimmerman, et al. U. S. Patent No. 2,625,381 is invalid and void.

3. If the Zimmerman, et al. Patent No. 2,625,381 was valid, the claims thereof are not infringed by defendants' process of preparing and pumping gypsum slurry.

### Judgment Entry.

This cause having come on for trial before the Court and witnesses having been heard and testimony and evidence having been taken and received before this Court, and the brief of counsel and the authorities therein cited having been considered, and the Court being fully advised in the premises and its findings of fact and conclusions of law having been entered, finds that plaintiff has failed to sustain the burden of proof of its complaint, and that defendant is entitled to judgment therein with its costs; that defendants have sustained their burden of proof on their defense of invalidity of the patent in suit, and that defendants have failed to sustain their burden of

proof on their counterclaim seeking attorney fees and damages.

Wherefore, It Is Ordered, Adjudged and Decreed as follows:

1. That United States Letters Patent No. 2,625,381 granted January 13, 1953, for Process of Continuously Preparing a Gypsum Slurry is invalid and void.

2. That the complaint herein be and the same is hereby dismissed.

3. That defendants' process of continuously making and pumping gypsum slurry does not infringe upon any of the seven claims of U. S. Patent No. 2,625,-381.

4. That defendants' counterclaim be and the same is hereby dismissed.

5. That defendants receive their costs of this action from the plaintiff.

Plaintiff excepts to all of the foregoing except for paragraph 4, to which defendants except.